# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## <u>LETTER OPINION</u>

March 8, 2011

Amy Lynn Bennecoff
Kimmel & Silverman, P.C.
Executive Quarters
1930 East Marlton Pike, Suite Q29
Cherry Hill, NJ 08003
    (*Attorney for Plaintiff*)

Andrew Christopher Sayles
Connell Foley LLP
85 Livingston Avenue
Roseland, NJ 07068
    (*Attorney for Defendant*)

    **RE:   Christy Blaeuer Williams v. Zucker, Goldberg & Ackerman, LLC**
           <u>**Civ. No. 09-6177 (WJM)**</u>

Dear Counsel:

    This matter comes before the Court on the motion to dismiss filed by Defendant Zucker, Goldberg & Ackerman, LLC. There was no oral argument. Fed. R. Civ. P. 78. For the reasons stated below, the motion to dismiss is **GRANTED**.

**I.    BACKGROUND**

    This is an action brought by Plaintiff Christy Blaeuer Williams against Defendant

Zucker, Goldberg & Ackerman, LLC ("Zucker") for alleged violations of the Fair Debt Collections Practices Act ("FDCPA").  Plaintiff's claims arise out of a foreclosure action that Defendant initiated on behalf of Wells Fargo, Plaintiff's mortgagee, against Plaintiff on a property purchased by Plaintiff on April 2, 2004.  (Pl.'s Opp. Br. at 3.)  Though now married, Plaintiff was unmarried when she executed the mortgage.  (Compl. ¶ 12.)  The foreclosure complaint filed by Zucker named two defendants, "Christy A. Blaeuer" and "Mr. Blaeuer, husband of Christy A. Blaeuer." (Pl.'s Opp. Br. at 3.)  Zucker mailed complaints and summonses addressed to each of these defendants to the subject property under foreclosure in New Jersey, and also to Christy A. Blaeuer's last known permanent address, her family's residence in Delaware.  (Pl.'s Opp. Br. at 3-4.)

William Blaeuer, the father of Christy A. Blaeuer, received and opened the complaint and summons addressed to "Mr. Blaeuer, Husband of Christy A. Blaeuer" that arrived at Christy's last known permanent address.  (Compl. ¶¶ 11-19.)  William Blaeuer subsequently contacted Defendant and informed him that his daughter's married name was Williams, and that he was Christy's father, not husband.  (Compl. ¶ 20.)  Additionally, William Blaeuer told Defendant that his daughter already negotiated a mortgage repayment plan with the lender, Wells Fargo.  (Compl. ¶¶ 15, 19.)  Defendant then inquired as to his daughter's whereabouts, to which William Blaeuer answered that his daughter lived at the subject property in New Jersey.  (Compl. ¶ 19.)  Defendant subsequently filed an amended complaint using Plaintiff's married name, but still addressed the foreclosure complaint and summons to "Mr. Blaeuer, husband of Christy A. Blaeuer."  (Compl. ¶ 21.)

Plaintiff filed the Complaint on December 4, 2009, alleging that Defendant's actions regarding her mortgage with Wells Fargo amounted to violations of the FDCPA.  In lieu of answering, Defendant filed the instant motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.   DISCUSSION

Plaintiff's one-count Complaint alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA").  (Compl. ¶ 27.)  Specifically, Plaintiff claims the following actions by Defendant violated various provisions of the FDCPA:[1] (1) sending a

---

[1] Plaintiff claims Defendant violated the following sections of the FDCPA: 15 U.S.C. § 1692c (communicating with a third party without debtor's consent); 15 U.S.C. § 1692d (filing a lawsuit to harass, oppress or abuse the debtor); 15 U.S.C. § 1692e (using false, deceptive and misleading representations); 15 U.S.C.  § 1692e(5) (using a civil suit to take action that cannot legally be taken); 15 U.S.C. § 1692e(5) (using false representation or deceptive means in relation

summons and complaint to Plaintiff's father's house, addressed to "Mr. Blaeuer, husband of Christy A. Blaeuer;" (2) communicating with Plaintiff's father on the phone and questioning him about Plaintiff's whereabouts; and (3) filing the foreclosure action in the first place, when allegedly Wells Fargo had instructed Defendant not to do so.

   A.   **Motion to Dismiss Standard**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true,[2] the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). The factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, *see Twombly*, 550 U.S. at 570, such that the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). Furthermore, the Plaintiff must "provide the 'grounds' of his 'entitlement to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility..." *Iqbal*, 129 S.Ct. at 1949 (2009).

---

to debt collection); and 15 U.S.C. § 1692f (using unfair or unconscionable means). The Court notes that 15 U.S.C. § 1692f is meant to provide a cause of action for conduct not specifically enumerated in any other sections of the FDCPA, and since Plaintiff does not claim that any of the alleged conduct is covered only by Section 1692f, an analysis of Plaintiff's allegations under the other provisions cited is sufficient. *See Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 642, 667 (S.D.N.Y. 2006) (requiring that a Plaintiff identify specific misconduct other than that already enumerated in other sections of the FDCPA in order to successfully plead a Section 1692f claim). Additionally, the Court notes that the general provision 15 U.S.C. § 1692e and the specific provision 15 U.S.C. § 1692e(10) provide essentially the same prohibition against using false representations or deceptive means, and therefore will be treated as the same for the purpose of the Court's analysis.

   [2] This assumption of truth is inapplicable, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir.1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Coll. Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).

### B. Mailing of the Summons and Complaint

Plaintiff contends that Defendant violated various provisions of the FDCPA by mailing a copy of the foreclosure complaint and summons to the home of a third-party, Plaintiff's father. It is undisputed that Defendant mailed the complaint and summons to Plaintiff's father's home address, and that it was addressed to "Mr. Blaeuer, husband of Christy A. Blaeuer." (Compl. ¶ 14; Def.'s Br. at 3.) Plaintiff argues that because Defendant also mailed the complaint and summons to Plaintiff's current address at the subject property, it is evident that Defendant was heretofore aware of Plaintiff's location. (Pl.'s Opp. Br. at 9.) Plaintiff claims this shows that Defendant's motivation for mailing the notice to Plaintiff's father's address was not for the purpose of locating Defendant, permissible under 15 U.S.C. § 1692b, but for a different, impermissible purpose under the FDCPA.

As an initial matter, by addressing the correspondence to "Mr. Blaeuer, husband of Christy A. Blaeuer," Defendant was merely following the New Jersey Court Rules. *See* N.J. Court R. 4:26-5 (instructing plaintiffs that when designating the unknown husband of a female defendant, the husband's name should be stated as "Mr. _____, husband of _____," using the female defendant's surname in the first blank and full name in the second blank). Since Defendant was not aware whether Plaintiff had a husband (since she executed the mortgage prior to her marriage), New Jersey Court Rules were properly followed to refer to Plaintiff's unknown husband.

Furthermore, communications by debt collectors with a third-party are entirely permissible if for the purpose of obtaining "location information" about the consumer. 15 U.S.C. § 1692b. The fact that Defendant mailed the foreclosure complaint and summons to Plaintiff's previous address, which happens to be her father's current address, indicates that Defendant was unsure of Plaintiff's current location. Plaintiff herself states that during the phone call with her father, Defendant "insisted someone else lived [at the subject property]," showing Defendant did not know Plaintiff's whereabouts. (Compl. ¶

4

19.) Therefore, Defendant properly mailed the summons and complaint to Plaintiff's last known address in order to locate her, which is entirely permissible under 15 U.S.C. § 1692b.  Furthermore, the Court agrees with Defendant that "nam[ing] Plaintiff's unknown husband in the Complaint and us[ing] that designation on mail to Plaintiff's former address does not rise to the level" of harassment, oppression or abuse prohibited by 15 U.S.C. § 1692d.[3]  (Def.'s Reply Br. at 5.)

Additionally, Plaintiff alleges that Defendant violated Section 1692e(10) specifically and Section 1692e generally by misstating Plaintiff's marital status in the foreclosure papers, and by naming Plaintiff's father as a party to the foreclosure proceedings.  However, this conduct does not constitute prohibited "false, deceptive, or misleading representation[s] or means" under Section 1692e.  The FDCPA "does not extend to every bizarre or idiosyncratic interpretation" of a debt collector's communication.  *Mebane v. GC Services Ltd. Partnership*, 481 F. Supp. 2d 249, 251-52 (S.D.N.Y. 2007) (citing *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)).  Therefore, courts must determine how the debt collector's communication would be perceived and interpreted by the least sophisticated consumer.  *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006).  Here, even the least sophisticated consumer would understand that Defendant intended this correspondence for Plaintiff's husband, not father, and that Defendant did not intend to mislead or deceive Plaintiff or Plaintiff's father with regards to her marital status.  Therefore, Plaintiff's alleged facts relating to the mailing of the foreclosure complaint and summons do not support a claim under the FDCPA.

### C. Defendant's Communications with Plaintiff's Father

Plaintiff also alleges that Defendant's phone conversation with Plaintiff's father was impermissible under the FDCPA.  During this phone conversation, which Plaintiff's father initiated, Defendant questioned Plaintiff's father as to the location of his daughter, to which he replied that she still resided at the property undergoing the foreclosure proceedings.  (Pl.'s Opp. Br. at 4.)  Plaintiff argues, however, that because Defendant was allegedly aware of Plaintiff's current location, Defendant was not permitted to ask any questions of Plaintiff's father during the course of this phone conversation.  (Pl.'s Opp. Br. at 9.)  Plaintiff claims that this conduct constitutes an impermissible third party communication under 15 U.S.C. § 1692c and impermissible abuse and harassment under 15 U.S.C. § 1692d, thereby violating the FDCPA.

Regardless of whether Plaintiff believes Defendant knew her current location,

---

[3] A further discussion of 15 U.S.C. § 1692d follows in Part II.C, *infra.*

Defendant's questions were fully within the FDCPA's exception allowing third-party communications when a debt collector is merely attempting to ascertain the consumer's location.[4]  15 U.S.C. §§ 1692b, 1692c(b).  First, Plaintiff's father initiated the phone call in the first place here, whereas 15 U.S.C. § 1692c prohibits communications whereby the debt collector is the one conveying information regarding the debt.  *See* 15 U.S.C. § 1692a(2) (defining "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium").  Second, based on Plaintiff's allegations, Defendant only questioned Plaintiff's father regarding her current location.  Therefore even if Defendant's questions during the phone call constituted a "communication," Plaintiff has failed to sufficiently allege that such communication was not fully permissible under 15 U.S.C. § 1692b.

Furthermore, Defendant's actions certainly did not rise to the level of abuse or harassment prohibited by the FDCPA. 15 U.S.C.§ 1692d states that, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  The examples of such prohibited conduct provided in the statute refer only to extreme behavior such as: (1) threatening violence; (2) using obscene, profane, or abusive language; and (3) causing a telephone to ring repeatedly with the "intent to annoy, abuse, or harass a person."  15 U.S.C. § 1692d.  Asking Plaintiff's father a few questions about her location once he initiated a phone call with Defendant is certainly not the types of conduct contemplated by the FDCPA to have the "intent to annoy, abuse, or harass a person."  *Id*.  Accordingly, Plaintiff's allegations regarding Defendant's contact with Plaintiff's father fail to support an FDCPA cause of action.

### D.     Filing the Foreclosure Action

Plaintiff alleges that Wells Fargo, the mortgagee, had instructed Defendant not to file the foreclosure action.[5]  (Compl. ¶ 27.)  Since Defendant did initiate a foreclosure action against Plaintiff, Plaintiff argues that the filing of the foreclosure action violated 15 U.S.C. § 1692e(5), which prohibits "the threat to take any action that cannot legally be taken or that is not intended to be taken," as well as 15 U.S.C. § 1692d.

First, Plaintiff has failed to make any allegation that Defendant violated Section 1692e(5) by threatening legal action.  Her only allegation is that since the summons and complaint were addressed to "Mr. Blaeuer," this constituted a threat of legal action

---

[4] The FDCPA defines "location information" as "a consumer's place of abode and his telephone number at such place, or his place of employment."  15 U.S.C. § 1692a(7).

[5] As a threshold matter, other than this bald assertion, Plaintiff fails to allege any facts indicating that Wells Fargo instructed Defendant to cease the foreclosure proceedings.

6

against Plaintiff's father.  However, Defendant made no verbal threats to Plaintiff's father, and simply addressed the summons and complaint to Plaintiff's unknown husband at her last known address.  This conduct does not constitute an impermissible threat under Section 1692e(5).

As for Section 1692d, Defendant correctly noted that it applies only to conditions where debt collectors act in a manner deviating from permitted methods of debt collection.  (Def.'s Br. at 13.)  Thus, an allegation that a debt-collection lawsuit has been filed is not sufficient to state a claim under Section 1692d.  *See Popson v. Galloway,* No. 10-77E, 2010 U.S. Dist. LEXIS 75960, *12-*15 (W.D. Pa. July 27, 2010) (holding that the filing of a debt-collection lawsuit does not provide for a cause of action under the FDCPA); *See also Harvey v. Great Seneca Financial Corp.,* 453 F.3d 324, 330 (6th Cir. 2006) (finding that "the filing of a debt-collection lawsuit without the immediate means of proving the debt does not have the natural consequence of harassing, abusing, or oppressing a debtor" under Section 1692d).  As such, Plaintiff's allegations regarding Defendant's filing of the foreclosure action fail to support a facially plausible claim under the FDCPA.

## III.   CONCLUSION

For the foregoing reasons, Defendant's Rule 12(b)(6) motion to dismiss is **GRANTED** and Plaintiff's complaint is dismissed with prejudice.  An Order accompanies this Letter Opinion.

　　　　　　　　　　　　　　　　　　 s/ William J. Martini  
　　　　　　　　　　　　　　　　　　 **WILLIAM J. MARTINI, U.S.D.J.**